*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0172**

Cody Sigfrid,
Relator,

vs.

Osseo Powersports, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed September 8, 2014**
**Affirmed**
**Bjorkman, Judge**

Department of Employment and Economic Development
File No. 31667136-3

Cody Sigfrid, Duluth, Minnesota (pro se relator)

Osseo Powersports, Inc., Osseo, Minnesota (respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

        Considered and decided by Bjorkman, Presiding Judge; Larkin, Judge; and Smith, Judge.

**BJORKMAN**, Judge

Relator challenges the unemployment-law judge's (ULJ) determination that he is ineligible for unemployment benefits because he quit his employment without good reason caused by his employer. We affirm.

**FACTS**

Relator Cody Sigfrid was employed by respondent Osseo Powersports from August 2012 until September 3, 2013, when he returned to college. Sigfrid applied for unemployment benefits. Respondent Minnesota Department of Employment and Economic Development (DEED) determined that Sigfrid is eligible for benefits. Osseo appealed this determination.

The ULJ conducted a telephonic evidentiary hearing. Sigfrid did not call in to participate, and the ULJ made several unsuccessful attempts to contact him. The president and owner of Osseo, John Rohach, testified that Sigfrid's last day of work was September 3, and that he quit to return to full-time studies at the University of Minnesota-Duluth. Rohach denied discussing part-time work options with Sigfrid, and testified that he did not fire Sigfrid.

The ULJ found Rohach's sworn testimony more credible than Sigfrid's prehearing written submissions and concluded that Sigfrid quit his employment for personal reasons and was consequently ineligible for unemployment benefits. Sigfrid requested reconsideration, which the ULJ denied. This certiorari appeal follows.

**D E C I S I O N**

This court may remand, reverse, or modify the decision of a ULJ if the substantial rights of the relator may have been prejudiced because the findings, conclusion, or decision is unsupported by substantial evidence. 2014 Minn. Laws ch. 271, art. 1, § 1 (to be codified at Minn. Stat. § 268.105, subd. 7(d)(5) (2014)). We review the findings of fact in the light most favorable to the ULJ's decision, give deference to the ULJ's credibility determinations, and will not disturb the ULJ's factual findings if they are supported by substantial evidence. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

An employee who quits without good reason caused by his employer is disqualified from receiving unemployment benefits. 2014 Minn. Laws ch. 239, art. 2, § 4 (to be codified at Minn. Stat. § 268.095, subd. 1(1) (2014)). Whether an employee quit is a question of fact. *Hayes v. K-Mart Corp.*, 665 N.W.2d 550, 552 (Minn. App. 2003), *review denied* (Minn. Sept. 24, 2003).

Sigfrid argues that he did not quit his employment or commit misconduct warranting termination. He asserts that when he arrived for work on September 13, he was "escorted off [the] premises and told his employment had ended without reason stated." Rohach's testimony contradicts Sigfrid's bald assertions. Rohach testified that Sigfrid's last day at work was September 3, after which Sigfrid returned to school in Duluth, a three-hour drive from Osseo. Because Sigfrid left without communicating any desire to continue working in some capacity during the school year, Rohach hired a full-time employee to take his place.

The ULJ expressly found that Rohach's first-hand, sworn testimony was more credible than Sigfrid's written submissions. Because credibility determinations are exclusively within the ULJ's province, we do not disturb them on appeal. *Bangtson v. Allina Med. Grp.*, 766 N.W.2d 328, 332 (Minn. App. 2009). And we decline Sigfrid's invitation to reweigh evidence on appeal. *Nichols v. Reliant Eng'g & Mfg., Inc.*, 720 N.W.2d 590, 594 (Minn. App. 2006) ("When witness credibility and conflicting evidence are at issue, we defer to the decision-maker's ability to weigh the evidence and make those determinations.").

Aside from Sigfrid's written assertions, there is no record support for his argument that Osseo terminated his employment. The evidence substantially supports the ULJ's determination that Sigfrid quit his employment without good reason caused by his employer.

**Affirmed.**